# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARTIN GOLIAK, | ) |
| Plaintiff | ) ) ) |
| v. | ) No. |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Now comes the Plaintiff, MARTIN GOLIAK, by his attorneys, MARK D. DEBOFSKY and DEBOFSKY SHERMAN CASCIARI REYNOLDS, P.C., and complaining against the Defendant, RELIANCE STANDARD LIFE INSURANCE COMPANY, he states:

*Jurisdiction and Venue*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan, which, in this case, consists of a group long-term disability ("LTD") insurance policy underwritten and administered by Reliance Standard Life Insurance Company ("Reliance"), for the benefit of employees of Biogen, which includes Plaintiff. Additionally, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been deemed exhausted due to Defendant's failure to timely respond to Plaintiff's pre-litigation claim appeal.

3. Venue is proper in the Northern District of Illinois. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

*Nature of the Action*

4. This is a claim seeking recovery of disability benefits due under an employee welfare benefit plan, along with prejudgment interest and any and all other appropriate equitable relief to which Plaintiff may be entitled. Plaintiff's claims are brought in relation to Biogen's long-term disability insurance group plan, number LTD 120409 ("Policy") (a true and accurate copy of the certificate of coverage in effect at all times relevant hereto is attached hereto) ("the Policy"). Long-term disability ("LTD") insurance coverage was underwritten and administered by Reliance, which provided LTD insurance benefits to employees of Biogen. This action is brought pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) and, to the extent additional non-duplicative appropriate equitable relief is due, pursuant to ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)). Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

*The Parties*

5. Martin Goliak ("Goliak" or "Plaintiff") is and was at the time of benefit denial a resident of Batavia, Illinois; and the events, transactions, and occurrences relevant to Plaintiff's claim of disability took place predominantly within the Northern District of Illinois. Goliak is currently 48 years old, having been born in 1972.

6. The Defendant, Reliance, was, at all times relevant hereto, doing business throughout the United States and within the Northern District of Illinois.

7. At all times relevant hereto, the Policy constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1). Incident to his status as an employee of Biogen, Goliak received coverage under the Policy as a "participant" as defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the foregoing LTD Policy.

*Statement of Facts*

8. Goliak was successfully employed on a full-time basis by Biogen from 2003 until June 29, 2018, most recently as "Associate Director, Thought Leader Liaison." Goliak had to cease working on June 28, 2018, due to symptoms associated with post-concussion syndrome and chronic migraine headaches that were the result of a head injury Goliak had suffered due to a fall in his home.

9. After he ceased working, Goliak applied for and was approved to receive short-term disability benefits; and on January 22, 2019, Defendant approved Goliak's long-term disability claim and commenced paying him monthly benefits.

10. Although there was no material improvement in Goliak's condition, on December 4, 2019, Reliance terminated Goliak's benefits, claiming he could perform the duties of his "Regular Occupation," despite medical evidence establishing that he continued to meet the following definition set forth in the Policy:

> "Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness, during the Elimination Period and thereafter an Insured cannot perform the material duties of his/her Regular Occupation;
>
> (1) "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her Regular Occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period; and
>
> (2) "Residual Disability" means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability.

> If an Insured is employed by you and requires a license for such occupation, the loss of such license for any reason does not in and of itself constitute "Total Disability".

The LTD policy also defines "Regular Occupation" as follows:

> "Regular Occupation" means the occupation the Insured is routinely performing when Total Disability begins. We will look at the Insured's occupation as it is normally performed in the national economy, and not the unique duties performed for a specific employer or in a specific locale.

11. Following the termination of Goliak's benefits, Plaintiff submitted a timely appeal to Reliance on May 29, 2020 pursuant to 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1. The appeal included multiple medical records and reports that confirmed and established Goliak's ongoing disability and proved his entitlement to ongoing LTD payments beyond December 4, 2019.

12. The U.S. Department of Labor's ERISA claim regulations contain strict deadlines for claim administrators to decide claim appeals and require claim appeals for disability claims to be decided within 45 days but permit an extension of an additional 45 days in the event "special circumstances" arise prior to the initial 45 day period. 29 C.F.R. § 2560.503-1(i)(3).

13. Reliance Standard failed to decide Plaintiff's appeal within 45 days; nor was there any indication given within 45 days or any time thereafter of special circumstances justifying an extension of time.

14. The 90th day following the submission of Plaintiff's appeal was August 27, 2020. Reliance Standard failed to issue a determination with respect to Goliak's appeal by that date.

15. The failure to issue a timely determination with respect to Goliak's appeal constitutes a deemed exhaustion of any obligation he may have had to submit and await a determination of the appeal prior to filing suit. 29 C.F.R. § 2560.503-1(l).

16.

*Relief Sought*

WHEREFORE, Plaintiff prays for the following relief:

A. That the court enter judgment in Plaintiff's favor and against the Defendant and that the court order the Defendant to resume payment of his long-term disability insurance from December 4, 2019 to the present;

B. That the Court order the Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C. That the court order Defendant to continue paying Plaintiff benefits so long as he continues to meet the policy conditions for continuance of benefits,

D. That the Court award Plaintiff his attorney's fees pursuant to 29 U.S.C. § 1132(g); and;

E. That Plaintiff be awarded any and all other appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3) to which Plaintiff may be entitled separate and apart from relief due pursuant to 29 U.S.C. § 1132(a)(1)(B).

September 16, 2020                                         Respectfully Submitted,

/s/ *Mark D. DeBofsky*
One of the Plaintiff's Attorneys

Mark D. DeBofsky
DeBofsky Sherman Casciari Reynolds P.C.
150 N. Wacker Dr., Suite 1925
Chicago, Illinois 60606
(312) 561-4040 (phone)
(312) 929-0309 (fax)